**Enders Adem ABDU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–71098.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2009.

Filed Sept. 11, 2009.

Saad Ahmad, Fremont, CA, for Petitioner.

Edward John Duffy, Trial, Jeffrey Lawrence Menkin, Trial, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel

Department of Homeland Security, San Francisco, CA, for Respondent.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

### MEMORANDUM *

Enders Adem Abdu petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his request for asylum and vacating the IJ's grant of withholding of removal. We hold that the BIA's decision was supported by substantial evidence and deny the petition for review.

We review the BIA's decision determining whether an alien has established eligibility for asylum or withholding of removal for substantial evidence. *Malkandi v. Mukasey*, 544 F.3d 1029, 1035 (9th Cir. 2008). We have jurisdiction to review the BIA's denial of withholding of removal under 8 U.S.C. § 1252(a)(1). We reject the government's contention that we lack jurisdiction to review the BIA's denial of Abdu's asylum request. We have jurisdiction to review the BIA's denial of asylum under the REAL ID Act, § 1252(a)(2)(D), as this is a mixed question of law and fact. *See Khan v. Holder*, 584 F.3d 773 (9th Cir.2009).

The BIA held that the Oromo Liberation Front ("OLF") is a terrorist organization as defined in 8 U.S.C. § 1182(a)(3)(B)(vi)(III). This finding is supported by substantial evidence. Under § 1182(a)(3)(B)(vi)(III), a terrorist organi-

zation is "a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in, the activities described in subclauses (I) through (VI) of clause (iv)." These "activities" include "commit[ting] ... under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity." *See* § 1182(a)(3)(B)(iv)(I). "[T]errorist activity" "means any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves," among other things, "[t]he use of any ... explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property." § 1182(a)(3)(B)(iii)(V). The BIA relied on evidence in the record showing that the OLF had used land mines to derail cargo and passenger trains, killing between five to fifteen people. This constitutes terrorist activity under the statute.

Abdu argues that these actions by the OLF cannot constitute "terrorist activity" because they were acts of self-defense against the Ethiopian government and because the OLF did not target civilians. This reading of the statute is incorrect. In *Khan v. Holder*, 584 F.3d 773 (9th Cir. 2009), we held that there is no exception in § 1182(a)(3)(B)(iii) for acts of armed resistance against governmental military targets even if such resistance is permitted under international law. Because the OLF acted unlawfully under Ethiopian

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

law, its actions constituted terrorist activity.

The BIA's holding that Abdu engaged in terrorist activity by soliciting funds and members for the OLF, as defined in § 1182(a)(3)(B)(iv)(IV)(cc) and § 1182(a)(3)(B)(iv)(V)(cc), is also supported by substantial evidence. Abdu testified that he knew the OLF was an armed organization fighting against the government. He also admitted to raising money and recruiting members for the OLF.

DENIED.